## FULLER *v.* DANIELS.

Injunction granted to restrain a mill-owner from opening his gates and allowing water to run to waste, when the plaintiff, an owner on the other side of the stream, taking his water from the same dam, had a right to all the water not needed for use by the defendant.

BILL IN EQUITY, for an injunction to restrain the diversion of water from the plaintiff's mill, for an assessment of damages for such diversion, and to define the respective water rights of the plaintiff and the defendant. Facts found by the court.

April 2, 1849, the Souhegan Manufacturing Company owned a dam and water-power on the Souhegan river in Milford village, and land and mills on both sides of the river, and on that day conveyed to Daniel Putnam and Leonard Chase all the land, buildings, &c., of said company lying on the westerly side of the river, and between the river and highway, together with the right to rebuild and repair the company's dam, in case the same should be abandoned or suffered to fall into decay by the company; also the right to maintain gates "whereby water may be admitted into the flume belonging to the premises hereby released, as it is now admitted from said company's pond, whenever there is a surplus of water running to waste not needed for said company's use, and to admit and draw into said flume through such gates any such surplus of water whenever the same may be done without detriment or incon-

venience to said company, and without interrupting or preventing said company, their successors and assigns, in prosecuting any purpose connected with said dam or pond or their water-power derived therefrom, or their works operated thereby," excepting and reserving to the company their dam, and so much of the west bank of the river as supports the west wing thereof, with the right to enter for repairs ; also excepting and reserving the water-power at said dam and pond formed thereby, and the control and management of the water therein and flowing thereinto, and also the right to enter for the purpose of closing the gates admitting water from the pond into the flume whenever the flume or penstock shall be so out of repair as to suffer the water to run to waste.

The plaintiff now has title by deed to all which Putnam and Chase took by this deed, and the defendant now has all the land and rights on both sides of the river which remained in the company after its execution.

At the time of the above conveyance to Putnam and Chase, the Souhegan Manufacturing Company owned a cotton-mill of the capacity of about 5,000 spindles, situated on the east side of the river, and operated by its dam and water-power. It continued to operate this mill until it was destroyed by fire in 1872. The mill was never rebuilt. There was no controversy about the use of the water until about July 3, 1884, when the pond was drawn down to such an extent that the plaintiff was unable to obtain sufficient power for operating the machinery in her mills. The plaintiff's agent called on the defendant, and complained that he was allowing the water to run to waste, and requested him to close his gates and flume. The defendant claimed that he had the right to keep his gates open, and to draw all the water from the pond if he chose, and refused to close his gates or allow them to be closed, giving as a reason that it was necessary for the preservation of his flume and water-wheel that they should be kept wet. As a matter of fact the water was not needed by the defendant for the preservation of his property, nor for any manufacturing or useful purpose.

Subject to exception, the plaintiff introduced evidence of the manner in which the water had been used by Putnam and Chase, and by Andrew Fuller, the plaintiff's devisor, when the Souhegan Manufacturing Company was operating its cotton-mill.

If the plaintiff is entitled to recover damages of the defendant in this proceeding for the diversion of water, from July 5 to August 16, 1884, such damages are assessed at $150.

*Robert M. Wallace*, for the plaintiff.

*A. F. Stevens* and *Thos. H. Dodge* (of Massachusetts), for the defendant.

BLODGETT, J.    The provisions of the conveyance from the Souhegan Manufacturing Company to Putnam and Chase expressly

gave to the latter the right to draw from the grantor's pond, through the flume belonging to the premises conveyed, all the water not needed for the grantor's use; that is, Putnam and Chase took by the conveyance the right to draw and to use so much of the water in the pond as was not required by the company in operating their mill as it was then operated. The plaintiff has succeeded to the rights of Putnam and Chase, and the defendant to those remaining in the company. The plaintiff is therefore entitled to the surplus water not needed for the defendant's use. Necessity being the test of the defendant's right, it is not for him to complain that the plaintiff's surplus was increased by the burning of the company's mill in 1872. Whenever he requires such increase for any useful purpose he may take it, upon the familiar principle that where a right exists to use a certain quantity of water, a change in the mode or object of the use without increasing the quantity is no violation of the right; but until then he plainly has no right to raise his gates and cause the water for which he has no use to run to waste. Having done so, and to the plaintiff's injury, he is liable to respond to her in damages in this proceeding. The assessment made at the trial term is accordingly affirmed.

The evidence excepted to was admissible. The acts and conduct of the parties thus shown did not alter or vary the terms of the conveyance in any respect. Their only effect was to define and limit the water rights of each as they understood them to exist under the conveyance. This they might properly do, and certainly there can be no more weighty evidence in the interpretation of that conveyance, so far as it relates to water rights, than the practical construction given to it by the parties themselves, as evidenced by the manner of their use of such rights.

The temporary injunction heretofore granted is made perpetual. If, however, in point of fact the storage capacity of the pond or the water-supply of the river has been increased by the defendant or his grantor since the conveyance to Putnam and Chase, to the extent of that increase the injunction will be modified upon application. *Whittier* v. *Cocheco Mf'g Co.*, 9 N. H. 454.

*Decree for the plaintiff.*

CLARK, J., did not sit: the others concurred.